SZAFERMAN, LAKIND,
   BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Rd., Suite 200
Lawrenceville, N.J. 08648
(609) 275-0400

LEVY, PHILLIPS & KONIGSBERG
101 Grovers Mill Rd., Suite 200
Lawrenceville, N.J. 08648
(609) 720-0400

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUDITH L. HOFFEDITZ, individually and as Executor and Executor ad Prosequendem of the Estate of GERALD L. HOFFEDITZ,<br><br>             Plaintiff,<br><br>             v.<br><br>AM GENERAL, LLC, individually and as successor-in-interest to AM General Corporation; ARVIN-MERITOR, INCORPORATED, f/k/a Arvin Industries, Incorporated, as successor-in-interest to Rockwell International Automotive; BORG-WARNER MORSE TEC, f/k/a Borg Warner Corporation and Borg & Beck ; CHRYSLER, LLC, individually and as successor-in-interest to Chrysler Motors Corporation, and d/b/a Mopar Motor Parts Corporation; CUMMINS, INCORPORATED; DANA CORPORATION, individually and as successor to Victor Gaskets; DETROIT DIESEL; | Civil Action No: 2:09-cv-00257-DMC-JAD<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

650319.1

> FORD MOTOR COMPANY, individually and a/k/a Ford Motorcraft Parts and Ford Genuine Parts; GENERAL MOTORS CORPORATION, individually and d/b/a Delco Products; HONEYWELL INTERNATIONAL, INCORPORATED, as successor-in-interest to The Bendix Corporation; NATIONAL AUTOMOTIVE PARTS ASSOCIATION (NAPA), a/k/a Genuine Parts Company; PNEUMO-ABEX, LLC, as successor-in-interest to Abex Corporation, f/k/a American Brake Shoe Company; SETCO AUTOMOTIVE , N.A., INCORPORATED, a/k/a; Setco Lipe Clutch; STANDARD MOTOR PRODUCTS, INCORPORATED, a/k/a EIS Brake Parts; JOHN DOE CORPORATION 1-50; and JOHN DOE CORPORATIONS 51-75,
>
> Defendants.

Plaintiff, Judith L. Hoffeditz, individually and as Executor and Executor ad Prosequendum of the Estate of Gerald L. Hoffeditz by way of complaint against Defendants alleges and says:

### PARTIES - PLAINTIFFS

1. Plaintiff, Judith L. Hoffeditz, widow of Gerald L. Hoffeditz, resides at 1354 Lincoln Way East, Chambersburg, PA 17202.

2. The Decedent, Gerald L. Hoffeditz ("Decedent" or "Mr. Hoffeditz") died from mesothelioma, on or about October 31, 2010, caused by exposure to Defendants' asbestos products. A copy of

650319.1

the Local Registrar's Certification of Death is attached as Exhibit A and incorporated into this Complaint by reference.

    3. Plaintiff, Judith L. Hoffeditz, was appointed the Executor of the Estate of Gerald L. Hoffeditz, by the Register of Wills in and for the County of Franklin in the Commonwealth of Pennsylvania, on or about November 8, 2010. A copy of the Plaintiff's Short Certificate incorporating Letters Testamentary is attached as Exhibit B, and is incorporated into this Complaint by reference. Plaintiff, Judith L. Hoffeditz, an original party in the suit, will continue this action against the Defendants referred to in this Complaint on behalf of Decedent, Gerald L. Hoffeditz and Decedent's survivors, pursuant to N.J.S.A. 2A:31-2 and F.R.Civ.P. 17(a)(1) and 25 (a)(2).

    4. Decedent, Gerald L. Hoffeditz, was exposed to asbestos during his work at the Letterkenny Army Depot, where he was employed as a mechanic from 1968-1993.

    5. As a mechanic, Decedent, Gerald L. Hoffeditz, performed brake and clutch work, as well as engine overhauls and gasket work.

    6. Decedent, Gerald L. Hoffeditz, also performed brake and clutch work on his own personal vehicles.

    7. Throughout his work history, Decedent, Gerald L. Hoffeditz, was exposed to asbestos fibers, dust, minerals and/or particles and other finished an/or unfinished asbestos products.

8. As a direct and proximate cause of the above exposures, Decedent, Gerald L. Hoffeditz, contracted mesothelioma and suffered from other various diverse injuries and attendant complications which ultimately lead to his death.

## PARTIES - DEFENDANTS

9. Defendants, AM GENERAL, LLC, individually and as successor-in-interest to AM General Corporation; ARVIN-MERITOR, INCORPORATED, f/k/a Arvin Industries, Incorporated, as successor-in-interest to Rockwell International Automotive; BORG-WARNER MORSE TEC, f/k/a Borg Warner Corporation and Borg & Beck; CHRYSLER, LLC, individually and as successor-in-interest to Chrysler Motors Corporation, and d/b/a Mopar Motor Parts Corporation; CUMMINS, INCORPORATED; DANA CORPORATION, individually and as successor to Victor Gaskets; DETROIT DIESEL CORPORATION; FORD MOTOR COMPANY, individually and a/k/a Ford Motorcraft Parts and Ford Genuine Parts; GENERAL MOTORS CORPORATION, individually and d/b/a Delco Products; HONEYWELL INTERNATIONAL, INCORPORATED, as successor-in-interest to The Bendix Corporation; NATIONAL AUTOMOTIVE PARTS ASSOCIATION (NAPA), a/k/a Genuine Parts Company; PNEUMO-ABEX, LLC, as successor-in-interest to Abex Corporation, f/k/a American Brake Shoe Company; SETCO AUTOMOTIVE, N.A., INCORPORATED, a/k/a Setco Lipe Clutch; and STANDARD MOTOR PRODUCTS, INCORPORATED, a/k/a EIS Brake Parts, were manufacturers, suppliers or distributors of asbestos fibers,

dust, minerals, particles and other finished and unfinished asbestos products that Plaintiff, Gerald L. Hoffeditz, used or to which he was exposed.

10. John Doe Corporations 1 through 50 are the fictitious names of corporations, partnerships, and/or other business entities whose identities are not presently known, and who mined, manufactured, sold, marketed, installed and/or removed asbestos or asbestos containing products which Decedent, Gerald L. Hoffeditz, used or to which he was exposed.

11. John Doe Corporations 51 through 75 are the fictitious names of corporations, partnerships, and/or other business entities whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, marketed, installed and/or removed asbestos, or asbestos containing products, which Decedent, Gerald L. Hoffeditz, used or to which he was exposed.

12. The term "Defendants" refers to all of the entities named above.

## FIRST COUNT

12. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 12 as though hereinafter set forth at length.

13. The Defendants conduct and/or have conducted business

650319.1

in New Jersey at all times relevant herein. The Defendants breached their warranties, both express and implied, for fitness of purpose and merchantability.

14. The Defendants are strictly liable in tort.

15. As a direct and proximate result of Defendants' negligence, breach of warranties, both expressed and implied, and strict liability in tort, the Decedent, Gerald L. Hoffeditz, contracted mesothelioma and suffered from other various diverse injuries and attendant complications that ultimately lead to his death.

16. It was foreseeable to the Defendants that the Decedent, and others similarly situated, would be injured as a result of the Defendants' actions and misconduct.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

   a) Compensatory damages;

   b) Punitive damages;

   c) Pre-judgment and post judgment interest;

   d) Costs;

   e) Attorney fees and litigation expenses; and

   f) Such other relief as the Court may deem just and proper.

## SECOND COUNT

17. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 16 as though hereinafter set forth at length.

18. The Defendants, jointly and severally, marketed an ultra-hazardous product and placed that product in the stream of commerce.

19. As a direct and proximate result of the Defendants' actions, the Decedent, Gerald L. Hoffeditz, contracted mesothelioma and suffered from other various diverse injuries and attendant complications which ultimately lead to his death.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

## THIRD COUNT

20. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 19 as though hereinafter set forth at length.

650319.1

21. Defendants breached their non-delegable duty to warn and negligently supplied defective materials and products without ensuring that the Decedent and his employers were warned about the dangers of asbestos exposure.

22. Defendants' actions prevented the Decedent's employers from educating the Decedent, and their other employees, on the dangers of asbestos exposure and from taking action to minimize the risks of exposure in and out of the workplace.

23. As a direct and proximate result of the Defendants' actions and inaction, the Decedent, Gerald L. Hoffeditz, contracted mesothelioma and suffered from other various diverse injuries and attendant complications which ultimately lead to his death.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

    a) Compensatory damages;

    b) Punitive damages;

    c) Pre-judgment and post judgment interest;

    d) Costs;

    e) Attorney fees and litigation expenses; and

    f) Such other relief as the Court may deem just and proper.

### FOURTH COUNT

24. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 23 as though

650319.1

hereinafter set forth at length.

25. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to withhold information from Decedent, the Decedent's employers and the general public concerning the known hazards associated with the use of, and exposure to, asbestos products.

26. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to withhold information from the Decedent, Gerald L. Hoffeditz, the Decedent's employers and the public relating to the fact that asbestos fiber inhalation could be fatal.

27. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to disseminate false product safety information to the Decedent, Gerald L. Hoffeditz, the Plaintiff's employers and the public.

28. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to prevent the dissemination of information concerning their products' hazards and dangers.

29. Defendants willfully, wantonly and intentionally failed to take appropriate action to minimize the risks of asbestos exposure to the Decedent and the general public.

30. As a direct and proximate result of Defendants' willful, wanton and intentional acts, the Decedent, Gerald L. Hoffeditz, contracted mesothelioma and suffered from other

650319.1

various diverse injuries and attendant complications which ultimately lead to his death.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

    a) Compensatory damages;

    b) Punitive damages;

    c) Pre-judgment and post judgment interest;

    d) Costs;

    e) Attorney fees and litigation expenses; and

    f) Such other relief as the Court may deem just and proper.

### FIFTH COUNT

31. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 30 as though hereinafter set forth at length.

32. Plaintiff, Judith L. Hoffeditz, was the wife of Decedent Gerald L. Hoffeditz.

33. Due to the actions of the Defendants, the Plaintiff, Judith L. Hoffeditz, was wrongfully deprived of her husband's society, services, and consortium.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

    a) Compensatory damages;

    b) Punitive damages;

    c) Pre-judgment and post judgment interest;

650319.1

    d) Costs;

    e) Attorney fees and litigation expenses; and

    f) Such other relief as the Court may deem just and proper.

### SIXTH COUNT

34. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 as though hereinafter set forth at length.

35. The estate of the Decedent, Gerald L. Hoffeditz, was liable for and, in fact, paid for hospital, medical, funeral and burial expenses and charges for the decedent.

36. The Decedent left surviving him, his wife Judith L. Hoffeditz, at the time of his demise and by reason of the wrongful death of Plaintiff's Decedent, Decedent's survivor has suffered pecuniary losses.

37. There is, and at the time of the illness hereinabove set forth, there was in force and effect in the State of New Jersey a death statute known and designated as <u>N.J.S.A</u> 2A: 31-1 through 6 and Plaintiff brings this action pursuant to provisions thereof for the benefit of the next of kin of Decedent.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

    a) Compensatory damages;

    b) Punitive damages;

    c) Pre-judgment and post judgment interest;

650319.1

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

### SEVENTH COUNT

38. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 37 as though hereinafter set forth at length.

39. As a direct and proximate result of the aforesaid misconduct of the Defendants, the Decedent, Gerald L. Hoffeditz, up to the time of his death, sustained an illness and endured great pain and suffering, and large sums of money were expended for medical care in an endeavor to cure his illness.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

Plaintiffs hereby incorporate by reference all allegations set forth in the Standard Complaint, as amended, which is contained in the New Jersey Asbestos Manual. A copy of the Asbestos Manual which contains the Standard Complaint can be

650319.1

obtained from the New Jersey Middlesex County Mass Tort Clerk or by visiting the following website:

http://www.judiciary.state.nj.us/mass-tort/asbestos/asbestos_amended_std_complaint.pdf

## JURY DEMAND

Plaintiffs demand trial by jury as to all issues of fact so triable.

SZAFERMAN, LAKIND,<br>
BLUMSTEIN & BLADER, P.C.<br>
Attorneys for Plaintiffs<br><br>
By: _____<br>
ROBERT E. LYTLE

Dated: June 26, 2012

## DESIGNATION OF TRIAL COUNSEL

Pursuant to New Jersey Courts R. 4:25-4, notice is hereby given that Moshe Maimon, Esq. is designated as trial counsel in the above captioned matter.

SZAFERMAN, LAKIND,<br>
BLUMSTEIN & BLADER, P.C.<br>
Attorneys for Plaintiffs<br><br>
By: _____<br>
ROBERT E. LYTLE

Dated: June 26, 2012

650319.1

**DEMAND FOR INTERROGATORIES**

Pursuant to the New Jersey Asbestos Litigation General Order, Section VI.B. which can be found at http://www.judiciary.state.nj.us/mass-tort/asbestos/manual/generalorder1.pdf, Plaintiffs hereby demand that the above listed Defendants answer Standard Interrogatories in the form prescribed by the Court and within the time provided by the above referenced Order. A copy of the Standard Interrogatories are contained in the Asbestos Manual and may be obtained from the Clerk or by visiting the following website:
http://www.judiciary.state.nj.us/mass-tort/asbestos/asbestos_amended_std_complaint.pdf

SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER, P.C.
Attorneys for Plaintiffs

By: ROBERT E. LYTLE

Dated: June 26, 2012

**CERTIFICATION PURSUANT TO N.J. R. 4:5-1**

Pursuant to New Jersey Court R. 4:5-1, I certify that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that I am not aware of any non-party who should be joined in this action pursuant to R. 4:28 or who is subject to joiner pursuant to R. 4:29-1 (b) because of potential liability to any

650319.1

party on the basis of the same facts.

    I further certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false that I am subject to punishment.

                        SZAFERMAN, LAKIND,
                          BLUMSTEIN & BLADER, P.C.
                        Attorneys for Plaintiffs

                  By: _____
                        ROBERT E. LYTLE

Dated: June __26__, 2012